UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ANTHONY NOTARO, on behalf of himself and all others similarly situated,<br><br>                        Plaintiff,<br><br>        -against-<br><br>UNCLE CHUCK'S CORPORATION d/b/a/ UNCLE CHUCK'S SPORTS BAR AND GRILL, MARVIN FEILHARDT, an individual, and KAREN FEILHARDT, an individual,<br><br>                       Defendants. | **Index No.**<br><br>**COMPLAINT**<br><br>**JURTY TRIAL DEMANDED** |

Plaintiff ANTHONY NOTARO ("Plaintiff"), by and through his attorneys, THE LAW OFFICE OF DAVID H. ROSENBERG P.C., and THE ROSE LAW GROUP, LLC, hereby complains of Defendants UNCLE CHUCK'S CORPORATION d/b/a UNCLE CHUCK'S SPORTS BAR AND GRILL ("Uncle Chuck's"), and Uncle Chuck's owners MARVIN FEILHARDT ("M. Feilhardt"), and KAREN FEILHARDT ("K. Feilhardt"), for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"); the New York State Labor Law ("Labor Law"); the spread of hours requirement as contained in New York State regulation 12 NYCRR § 142 et *seq.*; and any other cause(s) of action that can be inferred form the facts set forth herein.

## **INTRODUCTION**

1. This is an action brought by Plaintiffs challenging acts committed by Defendants against Plaintiffs amounting to wage and hour violations, as well as collective and class claims of

1

violations of Federal and New York State wage and hour laws brought on behalf of all similarly situated employees of Defendants.

2. Plaintiff brings this action on his own behalf and those similarly situated pursuant to Federal and State laws requiring overtime pay for employees, as well as those prohibiting retaliation for complaining about violations of the FLSA and New York State Labor Law.

3. Defendants committed violations of these laws by engaging in a systematic scheme of failing to compensate Plaintiff and similarly-situated employees their statutorily required overtime and spread of hours pay.

4. Defendants also failed to provide wage notices and detailed pay notices each pay period as required by law.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 29 U.S.C. §§ 1343(3) and 1343(4), which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. § 201 *et seq*.

6. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business, and maintain a principal place of business in this district.

## PARTIES

8. Plaintiff is a citizen of New York and a resident of West Islip in the County of Suffolk.

9. Defendant Uncle Chuck's is a corporation organized under the laws of the State of New York and has a principle place of business within Suffolk County, New York located at 401 Sunrise Highway, West Islip, New York 11795.

10. Defendant M. Feilhardt is an owner of Uncle Chuck's with a registered address within Suffolk County, New York at 18 Lincoln Avenue, Dix Hills, New York, 11746.

11. Defendant K. Feilhardt is an owner of Uncle Chuck's with a registered address within Suffolk County, New York at 18 Lincoln Avenue, Dix Hills, New York, 11746.

12. Upon information and belief, the amount of qualifying annual volume of business for Uncle Chuck's exceeds $500,000.00 and handles goods which have moved in interstate commerce, and thus subjects the business to the FLSA's overtime requirements.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit pursuant to 29 U.S.C. § 216(b) on his own behalf as well as those in the following class:

> Current and former employees of Defendants who perform any work in any of Defendants' locations as non-managerial employees who give consent to file a cause of action to recover monies pursuant to the legally mandated spread of hours which is due to them for

3

time worked in excess of 10 hours per day; to recover overtime compensation which is legally due them for the time worked in excess of 40 hours in a given work week, as well as to recover the difference between the amount of wages actually paid to them and the statutorily amount due ("FLSA Plaintiffs").

14. Plaintiff is similarly situated to all such individuals because, while employed by Defendants, he and all FLSA Plaintiffs performed similar tasks, were subject to the same laws and regulations, were paid in the same or similar manner, were paid the same or similar rate, were required to work in excess of ten hours per day, forty hours per work-week, and were not paid the required one and half times their respective regular rates of pay for overtimes worked.

15. Specifically, since Defendant Uncle Chuck's commenced operation in or around the beginning of 2016, Plaintiffs were scheduled to work and/or required to work in shifts of approximately six (6) days per week; between 12 and 14 hours per day; between 60 and 70 hours per week and sometimes as much as in excess of 80 hours per week; and yet were not paid at the legally mandated rate of time and a half for each hour worked in excess of forty (40) per week and were not compensated for the legally required spread of hours pay.

16. Plaintiff and FLSA Plaintiffs work and/or worked for Defendants at their place of business earning a flat rate of $15.00 per all hours worked regardless of the number of hours worked.

17. Defendants are and have been aware of the requirement to pay Plaintiff and FLSA Plaintiffs for spread of hours, overtime hours worked, and yet Defendants purposefully chose not to abide by them.

## **RULE 23 CLASS ALLEGATIONS**

4

18. Plaintiff additionally seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on his own behalf as well as those who are similarly situated and are also FLSA Plaintiffs who, during the applicable statutes of limitations, were subjected to violations of the New York State Labor Law.

19. Certification is proper under F.R.C.P. 23(b)(3) because the class:

    a.  Is so numerous that joinder is impracticable;

    b.  There are questions of law or fact common to the class which predominate any individual questions of law or fact;

    c.  Claims or defenses of the representative are typical of the class;

    d.  The representative will fairly and adequately protect the class; and

    e.  A class action is superior to other methods of adjudication.

20. The Class which Plaintiffs seek to define includes:

> All non-managerial persons employed by Defendants to perform any work in any of Defendants' locations in any capacity during the statutory period within the State of New York who worked in excess of forty (40) hours per week and/or worked in excess of ten (10) hours per day; and were not compensated at the legally required rate

<u>Numerosity</u>

21. Upon information and belief, Defendants have, in total, employed in excess of fifteen (15) employees in order to staff Defendant Uncle Chuck's.

<u>Common Questions of Law and/or Fact</u>

22. There are questions of law/fact that govern over the claims which are available to each and every Class Action Plaintiff, including but not limited to the following:

5

a.  Whether Class Action Plaintiffs worked in excess of forty (40) hours per week and/or ten (10) hours per day;

b.  Whether Class Action Plaintiffs were scheduled to work and/or required to work in shifts of approximately six (6) days per week between 12 and 14 hours per day;

c.  Whether Class Action Plaintiffs were compensated the overtime premium for overtime pay pursuant to law;

d.  Whether Defendants failed to pay Class Action Plaintiff for the hours worked in excess of forty (40) hours;

e.  Whether Defendants have any affirmative defenses for any of these claims.

<u>Typicality of Claims and/or Defenses</u>

23. Plaintiff was employed by Defendants as an hourly employee who was owed overtime and spread of hours pay.  Thus Plaintiff is in the same capacity as all of Defendants' hourly employees entitled to earn overtime and spread of hours pay.  At all times, Plaintiff worked for Defendants as required as did similarly situated employees of Defendants. Plaintiff and similarly situated employees were paid in cash, legally mandated deductions were not taken by Defendants, wages were not properly reported by Defendants for tax purposes, Defendants failed to provide wage notices and Defendants failed and refused to issue paystubs in contravention of applicable laws.

24. This treatment was the same or similar for all of Defendants' non-managerial employees. These and others are common questions of law and fact which are applicable to each and every one of Defendants'' non-managerial employees holding those exact or similar non-

managerial positions.

25. Defendants' defenses to these claims are the same throughout as the policies were applied uniformly.

<u>Adequacy</u>

26. The representative party is not currently employed by Defendants.

27. Plaintiff fully anticipates the ability to testify under oath as to the services worked and time spent thereof for Defendants and would properly and adequately represent the current and former employees who have been subjected to the treatment alleged herein.

28. Additionally, Plaintiff's attorneys have substantial experience in this field of law and specific experience litigating class and collective actions relating to claims under the FLSA and NYLL.

<u>Superiority</u>

29. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

30. Plaintiff has no facts relating to the class claims that are atypical from those of the class. Indeed, upon information and belief, Plaintiff was treated identically to other employees aside from his individual claim for retaliation.

31. Indeed, because Plaintiff was recently employed by Defendants, he will be able to further represent Class Action Plaintiffs by being able to communicate with fellow ex-employees and current employees that are still employed by Defendants.

32. Thus, the means of protecting of all Class Action Plaintiffs' rights is superior to any other method.

## FACTS

33.  Plaintiff commenced his employment with Defendants beginning in or around April of 2016.

34. Plaintiff's job duties included assistance with the service and preparation of foods.

35. At all times, Plaintiff worked for Defendants as required.

36. The individual Defendants are the owners of Defendant Uncle Chuck's and were Plaintiff's supervisors.

37. Plaintiff was paid a flat rate of $15.00 per hour for all hours worked and was not paid at the legally mandated rate of time and a half for all hours worked in excess of forty (40).

38. Plaintiff worked approximately six (6) days per week; between 12 and 14 hours per day; between 60 and 70 hours per week and sometimes as much as in excess of 80 hours per week; and yet was not paid at the legally mandated rate of time and a half for each hour worked in excess of forty (40) per week and was not compensated for the legally required spread of hours pay for working more than ten (10) hours each day.

39. Plaintiff was paid in cash, legally mandated deductions were not taken by Defendants, wages were not properly reported by Defendants for tax purposes, and Defendants failed and refused to issue paystubs in contravention of applicable laws.

40. Defendants failed to provide a wage notice and did not provide wage statements during each pay period as required by law.

41. At all relevant times herein, Defendants exercised full control of Plaintiff's hours and work assignments.

42. As a result of the actions described herein, Plaintiff and all Class and Collective Action Plaintiffs have been damaged and are due lost wages, liquidated damages and whatever other relief the Court deems just and proper.

**AS A FIRST CAUSE OF ACTION AGAINST DEFEDNATS ON BEHALF OF PLAINTIFF AND ALL CLASS ACTION PLAINTIFFS**
*For violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219*

43. Plaintiff and Class Action Plaintiffs repeat, reiterate and reallege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

44. Plaintiff and all other non-managerial employees of Defendants were required to work in excess of forty (40) hours per week without being compensated for those hours at the statutorily required rate and time and a half.  These practices were willful and lasted for the duration of the relevant time periods.

45. These practices are in willful violation of the Fair Labor Standards Act.

**AS A SECOND CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS ACTION PLAINTIFFS**
*For violations of the New York Labor Law §§ 650 et seq.*

46. Plaintiff and Class Action Plaintiffs repeat, reiterate and reallege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

47. Plaintiff and all other non-managerial employees of Defendants were required to work in excess of forty hours per week without being compensated for those hours at the legally mandated rate of time and a half.  These practices were willful and lasted for the duration

of the relevant time periods.

48. These practices are in willful violation of the New York Labor Law §§ 650 *et seq.*

**AS A THIRD CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS ACTION PLAINTIFFS**
*For violations of 12 N.Y.C.R.R. §142-2.4.*

49. Plaintiff and Class Action Plaintiffs repeat, reiterate and reallege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

50. Plaintiff and all other non-managerial employees of Defendants were required to work in excess of ten (10) hours a day without being compensated for the legally mandated spread of hours pay.  These practices were willful and lasted for the duration of the relevant time periods.

51. This practice is in violation of 12 N.Y.C.R.R. §142-2.4.

**AS A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS ACTION PLAINTIFFS**
*For violations of NYLL § 198(1-b), (1-d)*

52. Plaintiff and Class Action Plaintiffs repeat, reiterate and reallege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

53. At all times relevant to this action, Plaintiff and Class Action Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 190 et seq., including §§ 191, 193, 195, 198 and the applicable regulations thereunder.

54. At all times relevant herein, defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff and Class Action Plaintiffs with the notice(s) required by NYLL § 195(1) – Plaintiff and Class Action Plaintiffs are therefore entitled to and seek to recover

in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b).

55. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff and all Class Action Plaintiffs with the statement(s) required by NYLL § 195(3) – Plaintiff and Class Action Plaintiffs are therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Action Plaintiffs demand judgment against Defendants as follows:

A. Demand a jury trial on these issues to determine liability and damages;

B. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

C. A judgement declaring that the practices complained of herein are unlawful and in violation of Fair Labor Standards Act, 29 U.S.C. §§ 201-219; the New York Labor Law §§ 650 *et seq*.; the New York "spread of hours" pay required under 12 N.Y.C.R.R. § 142-2.4; and NYLL § 198(1-b), (1-d).

D. A judgment declaring that Defendants practices regarding the willful failure to make the legally mandated deductions from wages, report wages for tax purposes, and issue paystubs

are unlawful;

E.   All damages, including without limitation, liquidated damages, which Plaintiff and the Class Action Plaintiffs have sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

F.   An award to the Plaintiff and the Class Action Plaintiffs of liquidated damages, compensatory damages, including but not limited to damages for emotional pain and suffering where appropriate;

G.   An award to the Plaintiff and Class Action Plaintiffs of pre-judgment interest at the highest-level rate, form and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

H.   An award to the Plaintiff and Class Action Plaintiffs for the amount of unpaid wages, including interest thereon, and penalties subject to proof;

I.   Exemplary and punitive damages in an amount to commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional where appropriate;

J.   Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

K.   Pre-judgment and post judgment interest, as provided by law; and

L.   Granting Plaintiff and Class Action Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Mineola, New York
       January 12, 2017

THE LAW OFFICE OF DAVID H.
ROSENBERG, P.C.

_____

DAVID H. ROSENBERG (DR2705)
The Law Office of David H.
Rosenberg, P.C.
*Attorneys for Plaintiff*
170 Old Country Road
Suite 600
Mineola, N.Y. 11501
Ph: (516) 741-0300
F: (516) 385-4848
www.employeelawnewyork.com
drosenberg@employeelawny.com

_____/s/_____

JESSE ROSE
The Rose Law Group, PLLC
*Attorneys for Plaintiff*
31-09 Newtown Avenue, Suite 309
Astoria, New York 11102
JRose@TheRoseLawGroup.com
Direct: (718) 989-1864
Cell: (347) 709-2584
Fax: (917) 831-4595

13